IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. _____ |
| | : | |
| v. | : | DATE FILED: _____ |
| | : | |
| KEVIN KULP | : | VIOLATIONS: |
| | : | 18 U.S.C. § 664 (theft from employee benefit plan - 1 count) |

**I N F O R M A T I O N**

**COUNT ONE**

**THE UNITED STATES ATTORNEY CHARGES THAT:**

At all times material to this information:

1. International Association of Bridge, Structural, Ornamental and Reinforcing Iron Workers, Local 161 ("Local 161"), known as the Riggers, was a "labor organization" engaged in activities affecting interstate commerce within the meaning of Title 29 of the United States Code. Local 161 had approximately 115 members who specialized in plant installations and machinery moving in Philadelphia, Bucks, Montgomery, Chester, and Delaware Counties. Local 161 was affiliated with the International Association of Bridge, Structural, Ornamental and Reinforcing Iron Workers, ALF-CIO ("the International"). It negotiated and was a signatory to collective bargaining agreements with the Contracting Riggers Association in Philadelphia, Pennsylvania. The Contracting Riggers Association is an association of approximately 15 employers who contributed to Local 161's Annuity, Welfare, Pension, Vacation and Political Action Funds.

2. Local 161's Annuity Fund was an employee benefit plan whose purpose was to provide pension benefits to all eligible employees covered by the collective bargaining agreement. The Annuity Fund was an employee benefit plan subject to Title I of the Employee Retirement Income Security Act of 1974 ("ERISA") (29 U.S.C. § 1001, et seq.).

3. Defendant KEVIN KULP was Local 161's benefit funds administrator, and as such was responsible for allocating payment from the employers to the separate benefit funds' accounts.

4. Defendant KULP's salary was paid from the Annuity Fund, and he was entitled to approximately 52 salary checks per year. Defendant KULP's salary checks were approved by Local 161's president and business manager.

5. As the benefit funds administrator, defendant KEVIN KULP had access to and control over Local 161's Annuity Fund. Without the approval of the president or business manager, defendant KULP issued unauthorized salary checks to himself.

6. Between in or about December 2000 to in or about October 2002, in the Eastern District of Pennsylvania and elsewhere, defendant

**KEVIN KULP**

embezzled, stole, and unlawfully and willfully abstracted, and converted to his own use, moneys, funds, property and other assets of Local 161's Annuity Fund in the approximate amount of $21,888.00, in that he issued to himself approximately 36 unauthorized salary checks.

In violation of Title 18, United States Code, Section 664.

_____
**PATRICK L. MEEHAN**
**United States Attorney**